```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
WILLIAM KLEINFELDT,                          )      AMENDED COMPLAINT
                                             )
                Plaintiff,                   )
                                             )      JURY TRIAL DEMANDED
    -against-                                )
                                             )      CV-17-4323(ILG)(JO)
                                             )
THE CITY OF NEW YORK, NEW YORK CITY          )
POLICE DEPARTMENT, PO YLKA MORALES           )
PO HUGO ORTEGA, UC 217, UC 52,               )
SERGEANT ERIC FRANCIS,                       )
                                             )
                Defendants.                  )
-------------------------------------------------------------X
```

## Preliminary Statement

1.  This is a civil rights action in which the Plaintiff seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its Fourth and Fourteenth Amendments, Equal Protection and Due Process Clauses of the Fourteenth Amendment of the United States Constitution and by the laws and Constitution of the State of New York. The Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2.  This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and

1343(a)(3) and (4), this being an action seeking redress for the violation of the Plaintiff's constitutional and civil rights.

3. The Plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## NOTICE OF CLAIM

5. Within ninety days of the events giving rise to these claims, Plaintiff filed a Notice of Claim with the New York City Office of the Comptroller. Over thirty days have elapsed since the filing of the Notice, and this matter has not been settled or otherwise disposed of.

## VENUE

6. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. 1391 (a), (b) and (c).

## PARTIES

7. Plaintiff WILLIAM KLEINFELDT is a resident of the City and State of New York.

8. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible as its employer. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

9. Defendants, Sergeant Eric Francis, Police Officer Ylka Morales, shield number 5340, Police Officer Hugo Ortega, shield number 3534, UC 217 and UC 52 are and were at all times relevant herein duly appointed and acting law enforcement officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of the defendant THE CITY OF NEW YORK. The aforementioned defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were

otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

## STATEMENT OF RELEVANT FACTS

10. On April 21, 2015, at approximately 11:30pm Plaintiff WILLIAM KLEINFELDT while inside the lobby of 108 Christopher Street with a number of other individuals, was arrested and charged with Attempted Robbery in the First Degree and Criminal Sale of a Controlled Substance in the Third Degree and other charges.

11. Plaintiff was accused of selling a controlled substance to Defendant UC 52, then attempting to rob Defendant UC 52 on April 21, 2015 at approximately 11:08pm.

12. Minutes later Defendants PO Ylka Morales and PO Hugo Ortega, approached the lobby of 108 Christopher Street. When the door to the lobby was opened Plaintiff put his hands up in their air and surrendered to the Defendants. Defendant Ortega punched Plaintiff in the stomach knocking him to the ground. Once on the ground, Defendant Morales approached and kicked Plaintiff in the head and face two times.

13. After the Plaintiff (and his co-defendants) were arrested, incarcerated and subsequently indicted, undersigned counsel obtained a surveillance video from the location where the alleged crime occurred. No one is seen trying to rob the undercover officer and no one is seen selling the undercover officer any controlled

substance. The video does show Defendants PO Ylka Morales and PO Hugo Ortega assaulting the Plaintiff unprovoked.

14. On December 21, 2016 the District Attorney moved to dismiss of all charges against Plaintiff. The People's motion was granted.

15. Prior to his release Plaintiff had been incarcerated due to his arrest for approximately nine days before posting a bond.

16. Defendants Named Police Officers, subsequent to the arrest of Plaintiff, testified under oath before a Kings County Supreme Court grand jury and lied about what took place.

17. Defendant Ylka Morales was the subject of NYPD disciplinary proceedings as a result of this incident.

## FIRST CLAIM

18. The Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

19. By their conduct and actions in falsely arresting, maliciously prosecuting Plaintiff, Defendants, Sergeant Eric Francis, Police Officer Ylka Morales, PO Hugo Ortega, UC 52, UC 217, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of Plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

20. As a result of the foregoing, Plaintiff was deprived of his liberty, pain and suffering, emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

## LIABILITY OF THE CITY OF NEW YORK

## FOR CONSTITUTIONAL VIOLATIONS

21. The Plaintiff incorporated by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

22. At all times material to this complaint, the Defendant THE CITY OF NEW YORK had de facto policies, practices customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

23. At all times material to this complaint, Defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline employees and police officers, and failed to inform the individual Defendants' supervisors of their need to train, screen, supervise or discipline Defendants Sergeant Eric Francis, Police Officer Ylka Morales, PO Hugo Ortega, UC 52 and UC 217. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of Plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

24. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered pain and suffering, emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### THIRD CLAIM

### FALSE ARREST and FALSE IMPRISONMENT

25. The Plaintiff incorporated by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

26. By the actions described above, Defendants falsely arrested and imprisoned Plaintiff, or caused him to be falsely arrested and imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so. The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to the Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

27. As a result of the foregoing, Plaintiff was deprived of his liberty, pain and suffering, emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### FOURTH CLAIM

### NEGLIGENCE

28. The Plaintiff incorporated by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

29. Defendants, jointly and severally, negligently caused injuries, emotional distress, and damage to Plaintiff. The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to the Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

30. As a result of the foregoing, Plaintiff was deprived of his liberty, pain and suffering, emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

## MALICIOUS PROSECUTION

31. The Plaintiff incorporated by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

32. By the actions described above, Defendants maliciously prosecuted Plaintiff without any right to do so. The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to the Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

33. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered pain and suffering, emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

## ASSAULT & BATTERY

34. The Plaintiff incorporated by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

35. The Defendants Named Police Officers acting within the scope of their employment, intentionally, willfully and maliciously assaulted and battered Plaintiff. By their actions they caused him bodily harm and placed him in fear of further unlawful contact and harm.

36. Defendant City of New York, and its officers, agents, servants, and employees were responsible for the assault on Plaintiff. Defendant City of New York, as employer of Named Defendant Police Officers, is responsible for their wrongdoing under the doctrine of respondeat superior.

37. By the actions described above, Defendants maliciously, without cause or reason assaulted Plaintiff and caused him physical injury for which medical treatment was required.

## SEVENTH CLAIM

42 USC 1983 – Fourth Amendment Violation for EXCESSIVE FORCE

38. The Plaintiff incorporated by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

39. Named Police Officer Ylka Morales and Police Officer Hugo Ortega intentionally and willfully struck Plaintiff, who had his hands raised over his head, to body causing him to be thrown to the ground.

      Once on the ground, PO Ylka Morales approached Plaintiff who was lying on the ground with his arms spread over his head and kicked Plaintiff in the head and face.

40. By using excessive force and assaulting Plaintiff, and failing to prevent other officers from doing so, the Named Police Officers deprived Plaintiff of his rights, remedies, privileges and immunities guaranteed to every citizen of the United States, in violation of 42 USC 1983, including, but not limited to, rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

41. Names Defendants acted under pretense and color of state law and in their individual capacities and within the scope of their respective employments as NYPD officers. Said acts by Named Police Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and the Named Police Officers acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by 42 USC 1983, and by the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

42. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained damages hereinbefore alleged, entitling Plaintiff to an award of monetary damages and other relief.

43. Defendants Named Police Officers exhibited reckless and/or callous indifference to Plaintiff's federally protected rights, including Plaintiff's constitutional right to be free from excessive force, entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff demands the following relief jointly and severally against all of the Defendants:

a. Compensatory damages;

b. Punitive damages;

c. The convening and empaneling of a jury to consider the merits of the claims herein;

d. Pre- and post-judgment costs, interest and attorney's fees;

e. Such other and further relief as this Court may deem appropriate and equitable.

Dated: December 11, 2017
New York, New York

Morris Shamuil, Esq.
(MS-8604)
132 Nassau Street
Suite 1401
New York, New York 10038