Clerk's Office
File Date:
2/14/2022
U.S. DISTRICT
COURT-EDNY

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
WILLIAM KLEINFELDT,

                        Plaintiff,                    MEMORANDUM AND ORDER
                                                   17-CV-4323

           - against -

THE CITY OF NEW YORK,
NEW YORK CITY POLICE DEPRARTMENT,
PO YLKA MORALES, PO HUGO ORTEGA,
UC 217, UC 52, SERGEANT ERIC FRANCIS,

                        Defendants.
-----------------------------------------------------------x

**GLASSER**, Senior United States District Judge:

        Plaintiff William Kleinfeldt brought claims under 42 U.S.C. § 1983 and for false arrest and imprisonment, negligence, malicious prosecution, assault and battery, and use of excessive force against Defendants the City of New York, the New York City Police Department ("NYPD"), former Police Officer Ylka Morales ("Morales"), Police Officer Hugo Ortega, Undercover Police Officer No. 217 ("UC 217"), Undercover Police Officer No. 52 ("UC 52"), and Sergeant Eric Francis ("Francis").  Am. Compl. ¶¶ 18–43, ECF No. 13.  Plaintiff has since withdrawn the claim of false arrest against all Defendants and all claims against UC 52 and Francis.  Pls. Mem. in Opp'n to Defs.' Mot. Summ. J. 1–2, ECF No. 48.

        On January 31, 2022, in anticipation of a trial scheduled to commence on February 14, 2022, the parties filed motions *in limine*.  ECF Nos. 76 and 80.  On February 3, Defendants filed a further motion *in limine*, ECF No. 83, and a Proposed Protective Order, ECF No. 85.  The parties submitted responses in opposition to these motions.  ECF Nos. 90, 92, 93, 95.  On February 7, Defendants moved to adjourn the trial because UC 217 had tested positive for Covid-19.  ECF No.

91.  On February 8, the Court heard arguments on the above-referenced motions and decided them as summarized in this order, for the reasons stated at the February 8 hearing.

### PLAINTIFF'S MOTIONS

The Court decides Plaintiff's motions *in limine*, ECF No. 80, as follows:

I.   Plaintiff's motion to preclude "evidence concerning Plaintiff's financial status and employment history" is **GRANTED**.

II.  Plaintiff's motion to preclude evidence of Plaintiff's criminal history is **GRANTED** as to his non-felony offenses and **DENIED** as to his felony conviction.  Defendants may not, however, refer to the subject of that conviction as per Fed. R. Evid. 403.  Plaintiff's motion in the alternative to bifurcate the liability and damages phases of the trial is **DENIED**.

III. Plaintiff's motion to preclude evidence of "Defendants' military service, community service, civic service and commendations" is **DENIED** as moot.

### DEFENDANTS' MOTIONS

The Court decides Defendants' motions *in limine* filed January 31, ECF No. 76, as follows:

I.   Defendants' motion to preclude "the testimony of former A.D.A. Stephen Suhovsky, and the [Kings County District Attorney's] dismissal memo" is **DENIED**.

II.  Defendants' motion to preclude Marina Gikher and Ghulam Choudhry from testifying is **DENIED** as moot.

III. The Court's decision as to Defendants' motion to preclude the NYPD order of dismissal terminating Morales' employment, ECF No. 89-1, is to be determined at trial.

IV.  Defendants' motion to preclude the Kings County District Attorney's screening sheet, ECF No. 89-4, is **DENIED**.

2

V.     Defendants' motion to preclude "audio recordings of Defendants . . . and [their] memo book entries," ECF Nos. 75-2, 75-3 and 75-4, is **DENIED**.

VI.    Defendants' motion to preclude UC 217's grand jury testimony is **DENIED**.  UC 217's grand jury testimony may be used only for impeachment.

VII.   Defendants' motion to preclude the "synopsis sheet" of UC 217's grand jury testimony, ECF No. 75-5, is **DENIED**.  The synopsis sheet may be used only for impeachment.

VIII.  Defendants' motion to preclude Plaintiff from "referring to Defense counsel as 'City attorneys'" and "offering evidence of indemnification" is **GRANTED**.

IX.    Defendants' motion to preclude Plaintiff "from requesting a specific dollar amount from the jury" is **GRANTED**.

X.     Defendants' motion to preclude Plaintiff "from inquiring into Defendants' disciplinary history and prior lawsuits" is **GRANTED**.

Defendants' motion *in limine* filed February 3, to preclude "evidence pertaining to the arrests and/or prosecutions of non-party arrestees," ECF No. 83, is **DENIED**.

Defendants' Proposed Protective Order, ECF No. 85-1, which would have sealed the courtroom during the testimony of UC 52 and UC 217, is **DENIED**.  *See Adams v. City of New York*, 993 F. Supp. 2d 306 (E.D.N.Y. 2014).

Defendants' motion to adjourn the trial scheduled to commence on February 14, 2022, ECF No. 91, is **GRANTED**.  The rescheduled trial date to be determined.

SO ORDERED.

Dated:       Brooklyn, New York
             February 9, 2022

                                        /s/
                                        _____
                                        I. Leo Glasser
                                        Senior United States District Judge

3