

HON. SYLVIA O. HINDS-RADIX
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

PETER W. BROCKER
*Senior Counsel*
phone: (212) 356-2332
fax: (212) 356-3509
email: pbrocker@law.nyc.gov

March 9, 2022

<u>**VIA ECF**</u>

The Honorable Rachel P. Kovner
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  <u>William Kleinfeld v. City of New York, et al.</u>
          17-CV-4323 (ILG) (JO)

Your Honor:

      I am one of the attorneys assigned to the defense of the above-referenced matter, and I write to respectfully request a *nunc pro tunc* 30-day extension of time for Defendants to file a motion for reconsideration of Hon. I. Leo Glasser's rulings regarding Defendants' motions *in limine*, (*see* Dkt. No. 97), Memorandum and Order dated February 9, 2022), from February 23, 2022 until March 23, 2022. This is Defendants' first request for an extension and, although he will not be prejudiced by the requested extension, Plaintiff opposes this motion.

      Local Rule 6.3 of the Eastern District of New York provides that motions for reconsideration are to be filed within 14 days of the decision in question. However, the Court retains the inherent authority to reconsider any prior decisions in the matter. *See, e.g.*, *United States v. LoRusso*, 695 F.2d 45, 53 (2d Cir. 1982) ("so long as the district court has jurisdiction over the case, it possesses inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so") (internal quotation omitted). Furthermore, Courts retain the power to retroactively extend the deadline to file a motion for reconsideration even where the application is untimely. *See Elgalad v. N.Y.C. Dep't of Educ.*, No. 17 Civ. 4849 (VSB), 2019 U.S. Dist. LEXIS 170211, at *20-21 (S.D.N.Y. Sep. 30, 2019) (it is "within my discretion to grant a retroactive extension of the deadline [to file motion for reconsideration]") (citing *United States v. Am. Soc'y of Composers, Authors & Publishers*, 323 F. Supp. 2d 588, 589 n.1 (S.D.N.Y. 2004)).

      In the instant case, because the undersigned incorrectly believed that the deadline set forth in Rule 59 of the Federal Rules of Civil Procedure applied to this motion, it was my understanding that any motion for reconsideration would have been due by today, March 9th. *See Canfield v. Van Atta Buick/GMC Truck*, 127 F.3d 248, 250 (2d Cir. 1997) ("at least for purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence"). Nevertheless, due to a delay in this office's receipt of the transcript of the oral argument held on the parties' motions *in limine*, which was not received until February 17, 2022, as well as because of conflicting professional obligations of the

undersigned, Defendants will not be in a position to submit a comprehensive motion for reconsideration by until March 23, 2022. Finally, because trial in this matter is not scheduled to commence until August 17, 2022, there is no prejudice to Plaintiff in Defendants filing a motion for reconsideration of certain motions *in limine* on March 23rd as opposed to February 23rd.

In light of the foregoing, Defendants respectfully request that the Court grant them a retroactive extension of time until March 23rd to file their motion for reconsideration of certain *in limine* rulings.

Thank you for your consideration of this matter.

Respectfully submitted,

*Peter W. Brocker /s//*

Peter W. Brocker, Esq.
*Senior Counsel*

cc: All Counsel of Record (via ECF)