UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
WILLIAM KLEINFELDT,

        Plaintiff,

        v.

THE CITY OF NEW YORK, YLKA MORALES,
HUGO ORTEGA, and UC 217,

        Defendants.
-----------------------------------------------------------------x

**VERDICT SHEET**

17-CV-4323 (RPK) (VMS)

## SECTION 1983 EXCESSIVE FORCE

**1.**  a. Did plaintiff prove by a preponderance of the evidence that **Ylka Morales** used excessive force against him?

        YES __✓__     NO _____

**IF YOU ANSWERED "NO," PROCEED DIRECTLY TO QUESTION 2. IF YOU ANSWERED "YES," COMPLETE PARTS B, C, AND D BELOW.**

  b. What amount of compensatory damages, if any, is plaintiff entitled to receive from Ylka Morales for excessive force?

    $ _12,100_ ⁽ᶜᵛ⁾

  c. If you found that plaintiff was not entitled to compensatory damages from Ylka Morales for excessive force, state the nominal damages to be awarded, not to exceed one dollar:

    $ __—__

  d. What amount of punitive damages, if any, is plaintiff entitled to receive from Ylka Morales for excessive force?

    $ _17,200_ ⁽ᶜᵛ⁾

*Court Exhibit #17*
*8/23/22*

1

2.  a. Did plaintiff prove by a preponderance of the evidence that **Hugo Ortega** used excessive force against him?

    YES __✓__   NO_____

    **IF YOU ANSWERED "NO," PROCEED DIRECTLY TO QUESTION 3. IF YOU ANSWERED "YES," COMPLETE PARTS B, C, AND D, AND E BELOW.**

    b. What amount of compensatory damages, if any, is plaintiff entitled to receive from Hugo Ortega for excessive force?

    $ __None__

    c. If you found that plaintiff was not entitled to compensatory damages from Hugo Ortega for excessive force, state the nominal damages to be awarded, not to exceed one dollar:

    $ __1__

    d. What amount of punitive damages, if any, is plaintiff entitled to receive from Hugo Ortega for excessive force?

    $ __7,900__

    e. Did Hugo Ortega reasonably believe (even if he was mistaken) that plaintiff possessed a firearm at the time defendant Ortega used force on plaintiff?

    YES __✓__   NO_____

2

## MALICIOUS PROSECUTION

3. Did plaintiff prove by a preponderance of the evidence that **UC 217** maliciously prosecuted plaintiff in violation of 42 U.S.C. § 1983 and New York law?

    YES ✓     NO ___

4. Did plaintiff prove by a preponderance of the evidence that **Ylka Morales** maliciously prosecuted plaintiff in violation of New York law?

    YES ✓     NO ___

5. Did plaintiff prove by a preponderance of the evidence that **Hugo Ortega** prosecuted plaintiff in violation of New York law?

    YES ___     NO ✓

**IF YOU ANSWERED "NO" TO QUESTIONS 3, 4, AND 5, THEN YOUR DELIBERATIONS ARE FINISHED. SKIP QUESTION 6, AND GO DIRECTLY TO THE INSTRUCTIONS FOR SIGNING AND DATING THE FORM AT THE BOTTOM OF THE NEXT PAGE. IF YOU ANSWERED "YES" TO QUESTION 3, 4, OR 5, COMPLETE ALL PARTS OF QUESTION 6.**

6. **Damages for Malicious Prosecution:**

   a. What amount of compensatory damages, if any, is plaintiff entitled to receive for malicious prosecution?

   $ _92,700.00_

   b. If you found that plaintiff was not entitled to any compensatory damages for malicious prosecution, state the nominal damages to be awarded, not to exceed one dollar:

   $ _—_

   c. What amount of punitive damages, if any, is plaintiff entitled to receive from each of the following defendants:

   U.C. 217        $ _41,400_

   Hugo Ortega     $ _≠_ (blank)

   Ylka Morales    $ _19,800_

   d. Did UC 217 reasonably perceive (even if he was mistaken) that plaintiff conducted a hand-to-hand transaction in which he sold crack cocaine to Lorna Emaengua?

   YES_____   NO __✓__

   e. Did UC 217 reasonably perceive (even if he was mistaken) that plaintiff was attempting to rob him?

   YES_____   NO __✓__

**YOUR DELIBERATIONS ARE FINISHED. THE FOREPERSON SHOULD SIGN AND DATE THE VERDICT SHEET AND GIVE A NOTE TO THE COURT SECURITY OFFICER STATING THAT THE JURY HAS REACHED A VERDICT.**

Foreperson: _Jacqueline Scarola_ #7

Dated: _8·23·22_