# LUMER LAW GROUP

Attorneys At Law

THE WOOLWORTH BUILDING
233 BROADWAY, SUITE 900
NEW YORK, NEW YORK 10279

WWW.LUMERLAW.COM
(212) 566-5060

August 24, 2022

**By ECF**

Hon. Rachel P. Kovner
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Kleinfeldt v. The City of New al.,
             17 CV 4323 (RPK) (VMS)

Dear Judge Kovner:

We represent William Kleinfeldt and write in opposition to defendants' motion to stay the entry of judgment.[1] The defendants have not articulated any case-specific basis for the relief they request. Judgment should be entered promptly, in accordance with Fed. R. Civ. P. 58.

### Fed. R. Civ. P. 58 and Other Grounds
### Compel the Prompt Entry of Judgment

As defendants acknowledge, Rule 58(a) requires that the clerk of court "promptly prepare, sign, and enter the judgment when: the jury returns a general verdict." While plaintiff does not dispute that courts have the authority to stay entry of a judgment, it is plain that – absent a sufficient, case-specific justification – the Federal Rules of Civil Procedure require that judgment be entered promptly. It is defendants' burden to establish some reasonable basis for delaying entry. They have failed to do so here, where there are already compelling reasons for following the dictates of Rule 58.

First and foremost, plaintiff's ability to recover post-judgment interest is governed by 28 U.S.C. § 1961(a), which states, in relevant part, that "Such interest shall be calculated from the date of the entry of the judgment[.]" Thus, any delay in the entry of judgment will stall his ability to collect interest and cause a real monetary harm to plaintiff.

---

[1] On a related note, plaintiff will be moving shortly to compel defendants to disclose UC 217's identity. In light of the verdict, the caption and judgment should reflect his real name.

**LUMER LAW GROUP**

Hon. Rachel P. Kovner
August 24, 2022
Page -2-

It is also important that the judgment be entered if only to give force and effect to the jury's verdict. The jury determined that the three defendants violated William Kleinfeldt's constitutional right to be free from malicious prosecution and excessive force, and caused him real and substantial injuries. The jury squarely rejected defendants' collective testimony and entered a sizable verdict in favor of plaintiff. Transparency and accountability militate heavily in favor the prompt entry of judgment.

Finally, the plaintiff has a strong interest in moving quickly to collect on the judgment before the individual defendants' funds and assets are dissipated or moved. While the City of New York normally indemnifies its officers, it has yet to confirm that it is doing so here, and thus plaintiff has every reason and right to take immediate action to ensure that the final judgment, at least with respect to the excessive force and punitive damage awards, can be collected. Any agreement by the City to indemnify the defendants would mitigate this risk and arguably support a motion to stay enforcement of the judgment. It would not, however, provide any basis for staying entry of the judgment.

**No Basis Demonstrated for Stay**

The defendants point to a single case where entry was stayed. However, there is no basis for assuming that the plaintiff in *Collado* opposed the stay or that the Court was concerned about resolving qualified immunity specifically. The order in *Collado*, which defendants have provided, is silent on whether the stay was issued on consent or over an objection, and thus provides no basis for the relief defendants seek.

Substantively, defendants' argument lacks merit. Defendants' anticipated motions and the hardship of an adverse judgment are common to almost every post-verdict scenario, and thus are the rule, not the exception. Individual defendants in every civil rights action filed against NYPD or DOC members routinely assert the affirmative defense of qualified immunity. Under defendants' reasoning, judgment should never be entered following a plaintiff's verdict in any of these cases, since there's nearly always a contemplated motion for qualified immunity, and other relief. This is not the law, as the lack of any on-point citations suggests. It is also not the practice in this district, as judgment is commonly entered prior to post-trial motion practice.

Parenthetically, the defendants are really seeking the wrong relief. Much of the harms they complain of would be better addressed by a motion to stay enforcement of the judgment. This is not to say plaintiff would consent to such a hypothetical request, but it is plain that certain harms that would be inflicted on the plaintiff by a stay of entry of judgment would be lessened if the relief was limited to enforcing that judgment after it was entered.

In any event, losing parties often, not nearly always, contemplate motions under Rules 50 and 59 following a trial. Notwithstanding this self-evident fact, Rule 58 makes no

**LUMER LAW GROUP**

Hon. Rachel P. Kovner
August 24, 2022
Page -3-

provision for delaying entry to permit such motion practice to be explored or concluded. Indeed, the deadline for making those post-trial motions is explicitly triggered by the entry of judgment. It is therefore clear that judgment is ordinarily to be entered <u>prior</u> to any such motion practice, and that a losing party's possible motion practice is not a basis for staying that entry. Even if defendants' motion resulted in a different judgment amount, the Court can simply order a modification of the judgment.

      Defendants' concern about any one of them being saddled with the burden of a judgment being entered against him or her is also without merit. Substantively, it is not disputed that the entry of a judgment can be harmful. However, that is always the case, and particularly so here, where the defendants are individuals. That the defendants wound up on the losing side of a trial they deliberately helped bring about is no basis for avoiding the consequences of their choices. In this regard, it must be noted that the defendants were unwilling to settle this case for any number close to the jury's award. The defendants surely understood the risk that they could lose, and that such a loss would result in an adverse judgment. In short, the defendants opted for a high-risk litigation strategy. Having gambled and lost, defendants cannot now seriously complain of the hardships imposed by their decision to force this matter to trial.

      Finally, the defendants appear to tacitly concede that the only defendant with a possible qualified immunity argument would be Hugo Ortega. To the extent the Court is inclined to credit any of defendants' arguments, the proper resolution would be to simply modify the judgment, if required, or to enter judgment as to every defendant and claim other than the excessive force claim against Ortega. The judgment could then be amended once the motion practice is fully resolved.

      For the foregoing reasons, plaintiff respectfully asks that the Court deny defendants' motion to stay entry of judgment and direct the clerk of court to promptly enter judgment against each of the individual defendants in favor of plaintiff in accordance with the jury's verdict.

      Thank you for your consideration.

                              Respectfully submitted,

                              Michael Lumer

cc:    All counsel of record (By ECF)